**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 24-1220 JGB (DTBx) | Date November 25, 2024 |
| Title *James S. Bennett v. San Bernardino County et al.* | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:   Order (1) DISMISSING Action; (2) VACATING the December 2, 2024 hearing; and (3) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On June 11, 2024, Plaintiff James S. Bennett ("Plaintiff") filed a complaint against Defendant San Bernardino County, Ramon Martinez, and Janessa Torres ("Defendants"). ("Complaint," Dkt. No. 1.) On June 25, 2024, Defendants filed a motion to dismiss the case. (Dkt. No. 10). Plaintiff did not respond. The Court granted the Motion to Dismiss with leave to amend, and directed Plaintiff to file an amended complaint by September 30, 2024. ("Order," Dkt. No. 15). The Court warned failure to comply would result in dismissal of the case. (Id.) To date, Plaintiff has not filed an amended complaint.

Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir. 2002). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that Plaintiff has failed to comply with the Court's order and failed to prosecute this case with reasonable diligence, and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits;

and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan, 291 F.3d at 642 (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

       The Court finds that dismissal is appropriate.  Plaintiff failed to file an amended complaint by the deadline imposed in the Order, and his original Complaint failed to state a claim.  (See Order at 6–7.)  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter; in fact, Plaintiff has already delayed this action without explanation by failing to amend his Complaint.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

       Accordingly, the Court **DISMISSES** Plaintiff's action and **DIRECTS** the Clerk to close the case.  The Court **VACATES** the hearing set for December 2, 2024.

       **IT IS SO ORDERED.**